IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| REDACTED, | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | **CASE NO: 7:23-cv-96 (WLS)** |
| | : | |
| REDACTED, **Individually and** | : | |
| **in their official capacities,** | : | |
| | : | |
| **Defendants.** | : | |
| ———————————————— | : | |

## <u>ORDER</u>

On April 26, 2024,[1] Plaintiff filed a Notice of Appeal (Doc. 10) to the Eleventh Circuit Court of Appeals.[2] Before the Court is Plaintiff's Motion for Permission to Appeal in Forma Pauperis and Affidavit (Doc. 11) ("Motion Appeal IFP").

## I.    APPLICABLE LAW

Applications to appeal *in forma pauperis* are governed by 28 U.S.C. § 1915 and Federal Rule of Appellate Procedure 24.  28 U.S.C. § 1915 provides:

> (a)(1) [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor.

---

[1] Plaintiff's appeal was docketed May 7, 2024, and assigned Court of Appeals Docket # 24-11404.

[2] By Order (Doc. 9) entered April 8, 2024, the Court denied, without prejudice, Plaintiff's Motion to Alter Judgment (Doc. 8) ("Motion to Alter"). Therein, Plaintiff requested the Court (i) vacate the dismissal of this action, (ii) approve Plaintiff's Application to Proceed in District Court Without Paying Fees or Costs (Doc. 2) ("IFP Application"), and (iii) permit Plaintiff's and Defendants' identities and contact information to remain concealed until seven days after service of the Plaintiff's complaint and summonses on the Redacted Defendants. The Court, however, advised Plaintiff that it would reconsider its prior orders if Plaintiff filed a timely, complete response to the Court's March 6, 2024 Order (Doc. 5) along with a fully completed IFP Application. The Court further advised Plaintiff that if a timely complete response was not filed by May 8, 2024, the Court's prior Order (Doc. 5) dismissing the case would remain in effect. Plaintiff's appeal was filed prior to the May 8, 2024 deadline.

Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

. . .

(3) An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith.

Similarly, Appellate Rule 24(a) provides:

(1) . . . [A] party to a district-court action who desires to appeal *in forma pauperis* must file a motion in the district court. The party must attach an affidavit that:

(A) shows in the detail prescribed in Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs;

(B) claims an entitlement to redress; and

(C) states the issues that the party intends to present on appeal.

(2) . . . If the district court denies the motion, it must state its reasons in writing.

Fed. R. App. P. 24(a).

## II.  DISCUSSION

The Court must make two determinations when faced with an application to proceed with an appeal in forma pauperis. It must determine whether the plaintiff is financially able to pay the filing fee required for an appeal. Fed. R. App. P. 24. Additionally, "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). Accordingly, a court is required to dismiss a case upon finding that the appeal taken in forma pauperis is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See id.* § 1915(e)(2)(B)(i)–(iii). "An IFP action is frivolous, and thus not brought in good faith, if it is 'without arguable merit either in law or fact.'" *Ghee v. Retailers Nat. Bank*, 271 F. App'x 858, 859–60 (11th Cir. 2008) (quoting *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001)).

Plaintiff's Motion Appeal IFP does not satisfy the requirements of Fed. R. App. P. 24. First, the Court previously notified Plaintiff that the original IFP Application (Doc. 2) was deficient because, although Plaintiff stated therein that Plaintiff was "forced to go on 'SNAP,

seek housing assistance, and draw on my retirement account in order to survive[,]" Plaintiff did not itemize the monthly income received from those sources. (*See* Order entered April 8, 2024 (Doc. 9 at 3 n.1)) In the current Motion Appeal IFP (Doc. 11), Plaintiff again refers to being forced to go on food stamps and to draw on a retirement account, but again fails to disclose the amount of monthly income received from those sources. (Doc. 11 at 5) The "housing assistance," without explanation, is no longer mentioned. Further, Plaintiff discloses the same $868 in monthly income from real property (such as rental income) in the Motion Appeal IFP (Doc. 11 at 2), but does not disclose the value of any real estate. Plaintiff discloses a 2009 Hyundai Accent with "$0" monthly payments, but does not disclose the value of the vehicle. (Doc. 11 at 3, 4) Finally, the Motion Appeal IFP is not signed using Plaintiff's given name but is, rather, just signed as "s/Redacted." Again, this deficiency was brought to Plaintiff's attention in the Court's April 8, 2024 Order (Doc. 9 at 3 n.1). Plaintiff has not provided the detailed, complete financial information required by Form 4 of the Appendix of Forms.

In addition, Plaintiff has not provided the names or even the titles of any of the Defendants. Therefore, the Court is unable to determine whether Plaintiff seeks monetary relief against a defendant who is immune from such relief. *See id.* § 1915(e)(2)(B)(iii). The Complaint is replete with frivolous conclusory allegations spanning a twenty-year period and includes multiple redactions of not only the names of the parties, but the places of events, the names and locations of courts which have apparently ruled against Plaintiff in various matters, and additional information of relevance. The overall impression is that this is not the first time this complaint, or one substantially similar thereto, has been filed. This Court has offered Plaintiff the opportunity to revise the complaint and Plaintiff has declined to do so.

## III.  CONCLUSION

Based on the foregoing, the Court cannot find that the appeal is taken in good faith. Further, as reflected by the Court's discussion above, Plaintiff's "action is frivolous, and thus not brought in good faith" because it is "without arguable merit either in law or fact." *Ghee*, 271 F. App'x at 859–60 (internal quotation marks omitted) (citation omitted).

Plaintiff has not satisfied the requirements of Rule 24 of the Federal Rules of Appellate Procedure and of 28 U.S.C. § 1915(a)(3) and thus failed to show an entitlement to proceed in forma pauperis. Further, the Court is unable to certify that the appeal is taken in good faith. Accordingly, Plaintiffs Motion Appeal IFP (Doc. 11) is **DENIED**. Plaintiff may submit a request to proceed in forma pauperis to the Eleventh Circuit Court of Appeals consistent with its rules and the applicable law or pay the appellate filing fee.

The Clerk is directed to enter this Order on the docket of this case and to serve this Order on Plaintiff at the email address provided for Anonymous.

**SO ORDERED**, this 16th day of May 2024.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**